IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LORENZO DOBY,<br><br>Defendant. | Case No. CR13-0058<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 9th day of October, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 15, 2013, Defendant Lorenzo Doby was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. At the arraignment on September 30, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 2, 2013.

At the hearing, Officer Tracy Weems, assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying the instant charge. On July 3, 2013, Cedar Rapids police officers were called to a report of fireworks in Ellis Park. When officers responded to the scene, they saw Defendant walking between cars. Upon being approached by officers, Defendant admitted that the fireworks belonged to him. Defendant appeared intoxicated, did not have any identification, and refused to provide officers with information. Defendant was then arrested and placed in handcuffs. A pat down revealed that Defendant had marijuana in one pants pocket and three rounds of .357 ammunition in

a different pants pocket. Officers went back to search the area where Defendant was initially seen and found a .357 Ruger revolver, loaded with three rounds of ammunition. The ammunition found in the gun and found on Defendant's person were the same brand. Officer Weems testified that she couldn't recall whether fingerprints were obtained from the weapon.

According to the pretrial services report, Defendant is 32 years old, has never been married, and has no children. Defendant was born and raised in Chicago, but has apparently lived in Cedar Rapids since at least 2008. For the past 18 months he has lived with his girlfriend and would return to that residence if released. Defendant told the pretrial services officer that for the past 10 months he has been employed through QPS Staffing at Heinz Quality Chef Foods in Cedar Rapids.

In 2005, Defendant was shot and stabbed, resulting in brain damage and reduced vision in his left eye. Defendant denied any history of mental or emotional health concerns. According to Defendant, he "occasionally" consumes alcohol, but admitted that "once he starts, he does not know when to stop." Defendant admitted that he used cocaine "a few times" in 2005 and smoked marijuana until 2006, but claims that he abstained from marijuana use until July 3, 2013 (the date of this incident).

Defendant's criminal history dates back to 2000, when he was arrested in Chicago on three separate occasions and charged with manufacture/delivery of a controlled substance, criminal trespass to state land, and battery. The disposition of those cases is unknown.

Between 2004 and 2006, Defendant was arrested and convicted on numerous charges in Ramsey County, Minnesota. On June 27, 2004, Defendant was arrested and charged with possession of "not a small amount" of marijuana. While the case was pending, he was charged with theft. When he failed to appear on the drug charge, a warrant issued for his arrest, but he was subsequently released on conditions after being arrested. While on pretrial release, Defendant was arrested for first degree damage to

property, and on two occasions for violating a domestic abuse protection order. On September 1, 2005, Defendant received a suspended jail term on the drug charge and was placed on probation. On November 8, 2005, while on probation on the drug charge and while the damage to property charge was pending, Defendant was charged again for violating a domestic abuse protection order. On November 14, 2005, Defendant received a suspended prison term and probation on the first degree damage to property charge.

On January 4, 2006, Defendant received a suspended prison term and probation on the most recent domestic abuse violation charge. On February 8, 2006, while on probation in three cases, Defendant was charged with a controlled substance violation. On April 4, 2006, his sentence was modified in the original drug charge, but he was continued on probation. In July 2006, Defendant was charged in separate incidents with domestic abuse and violation of a domestic abuse protection order. On August 1, 2006, Defendant was found in violation of his probation in three cases and sentenced to 60 days in jail.

On December 21, 2006, while still on probation in the three charges described, Defendant was again charged and later convicted of violating a domestic abuse protection order. Seven days later, Defendant was charged and later convicted of the same offense. Finally, on January 5, 2007, Defendant's probation was revoked and he was sentenced to serve a year and a day in prison. According to the pretrial services report, Defendant's violations included two positive UAs, failure to comply with drug testing, failure to appear for substance abuse court, new criminal conduct, failure to maintain contact with his probation officer, failure to complete drug treatment, failure to serve imposed jail time, and failure to secure employment.

Upon his release from prison in Minnesota, Defendant apparently relocated to Iowa. In 2008, Defendant was convicted of assault causing bodily injury. In 2009, Defendant was convicted twice for public intoxication. In 2010, Defendant was convicted three times for public intoxication. In 2011, Defendant was convicted of harassment in the first

degree, receiving a jail term and probation. While on probation, Defendant was convicted of disorderly house.

On July 31, 2012, Defendant failed to appear for a probation violation hearing and was placed on absconder status. On September 23, 2012, while a warrant was outstanding for his arrest, Defendant was arrested and later convicted of public intoxication. In February 2013, Defendant was found in contempt of court and sentenced to five days in jail. In March 2013, while Defendant was still on probation for harassment, Defendant was charged and later convicted of harassment, first degree and operating a motor vehicle while under the influence.

On May 1, 2013, Defendant again failed to appear for a probation violation hearing and was again placed on absconder status. On May 6, Defendant was arrested and held in jail until May 13, when he was released on bond. On May 24, Defendant's probation was revoked and he was sentenced to 90 days in jail. Defendant did not begin to serve his 90-day jail sentence, however, until July 17. It was during that period of time that the incident giving rise to this federal charge occurred. As a result of the incident, Defendant has pleaded guilty in state court to possession of a controlled substance and illegal use of fireworks.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character,

physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the evidence supports a finding that Defendant was drunk and had used marijuana while in possession of ammunition on July 3. Given the circumstances, it is also likely that Defendant was in possession of a loaded .357 revolver. Defendant has lived in Cedar Rapids since approximately 2008, but does not appear to have any family members living here, nor does he have long-term employment. Defendant has a lengthy criminal record, including a history of committing additional crimes while under supervision. The pretrial services report reflects that Defendant failed repeatedly and in multiple ways while on probation in Minnesota. While on probation in Iowa, Defendant has been placed on absconder status on two occasions. Defendant committed additional criminal offenses while on absconder status. On May 24 of this year, Defendant's probation was revoked and he was ordered to serve 90 days in jail. Before he began to serve his jail term, however, he was found on July 3, apparently drunk, having used marijuana, in possession of ammunition, and apparently in possession of a firearm. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.      The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.      On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.      The time from Defendant's renewed request for detention hearing (October 7, 2013) to the filing of this Ruling (October 10, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of October, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA